IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHANIE N. GLENN,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:20-cv-03724-M (BT) |
| | § | |
| CVS PHARMACY INC,<br>Defendant. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Stephanie N. Glenn filed a complaint and motion to proceed *in forma pauperis*. The Court should deny Glenn's motion for leave to proceed *in forma pauperis* and dismiss the complaint unless Glenn pays the $402.00 filing fee within 30 days of the filing of this recommendation.

I.

The procedure for a party to bring a lawsuit *in forma pauperis* is set forth in 28 U.S.C. § 1915. The goal of § 1915(a) is to allow access to federal courts for those plaintiffs who lack the resources to pay any of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

On December 28, 2020, Glenn filed her motion to proceed *in forma pauperis*. (ECF No. 5.) According to Glenn's motion, her average monthly income during the past twelve months is around $5,000. From January 2020 to the present, she made $70,000. Glenn owns her home, which is valued at $280,000. She also owns a 2018 Jaguar F-Pace car. Based on this information, the Court should find Glenn has failed to show that payment of the filing fee would cause her undue financial hardship.

## II.

For the foregoing reasons, the Court should DENY Glenn's motion for leave to proceed *in forma pauperis* and dismiss her complaint without prejudice unless Glenn pays the $402.00 filing fee within 30 days of the filing of this recommendation.

Signed December 29, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).